## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICK LOMAS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-06-869-C |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff is a federal prisoner appearing in this action *pro se* and *in forma pauperis*. He brings this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and seeks compensatory and punitive damages for alleged violations of his constitutional rights.

This action has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C), and the following motions are pending: (1) Defendants' Motion to Dismiss and Brief in Support [Doc. #28] (Motion to Dismiss) as supplemented by Defendants' Supplemental Brief on Exhaustion in Support of Their Motion to Dismiss (Supplemental Brief) [Doc. #48];[1] (2) Plaintiff's First Motion for Leave to Amend Complaint [Doc. #35]; (3) Plaintiff's Motion for Appointment of Counsel [Doc. #37]; and (4) Plaintiff's Motion for Discovery [Doc. #38]. For the reasons set forth below, it is recommended that Defendants' Motion to Dismiss be granted on the basis that Plaintiff has failed to exhaust his

---

[1]Plaintiff filed a response to Defendants' Motion to Dismiss although his response is entitled as a "motion." *See* Doc. #36 (Response). As discussed in further detail below, Plaintiff did not respond to Defendants' Supplemental Brief in support of their Motion to Dismiss notwithstanding his being given the opportunity to do so.

administrative remedies as to any claim raised in his Complaint.  It is recommended that

Plaintiff's Motion to Amend Complaint, Motion for Appointment of Counsel, and Motion

for Discovery be denied as moot.  Plaintiff's claims should be dismissed without prejudice.

*See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1139 (10th Cir. 2005)

(dismissal based on lack of exhaustion should ordinarily be without prejudice).

## I.  Claims Presented in the Complaint

According to the allegations in Plaintiff's Complaint, Plaintiff was housed in the

Special Housing Unit (SHU) of FCI-El Reno on September 28, 2005.  On that day, Plaintiff

was placed in a "recreation cage" with other inmates. Two of the other inmates attacked

Plaintiff with razor blades they had concealed before leaving their cells, and Plaintiff was cut

several places on his body.  Plaintiff claims that prison officials were responsible for the

attacks because they failed to search the inmates or put them through a metal detector before

they were allowed into the recreation cage.

Plaintiff further alleges that he asked prison officials to take him to an "outside

hospital" for treatment of his wounds.  His request was denied, and Plaintiff was treated at

the prison.  Plaintiff states that Mr. E. McNerney, a physician's assistant,[2] "did a messed-up

job of stitching the Plaintiff up."   Plaintiff claims that Defendants were deliberately

indifferent to his medical needs when they refused to transport him to an outside hospital for

stitches.  Complaint at 6-7.

---

[2]Mr. McNerney is not named as a defendant in this case.

Leniently construing the Complaint, Plaintiff claims that Defendants violated his constitutional rights (1) by failing to protect him from other inmates and (2) by acting with deliberate indifference to his serious medical needs.

## II.   **Procedural Background**

When Plaintiff filed this action, Tenth Circuit precedent required a prisoner to sufficiently plead exhaustion of administrative remedies in the complaint or face dismissal of the action under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), *abrogated by Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910 (2007).   *Steele* placed the burden of demonstrating exhaustion of administrative remedies on the prisoner by requiring prisoners to attach copies of documents related to pertinent administrative proceedings or to describe the disposition of each administrative proceeding with specificity.  *Steele* at 1211.

Additionally, at the time this action was filed Tenth Circuit precedent required total exhaustion of the claims asserted in the action.  Therefore, if a complaint contained both exhausted and unexhausted claims, the entire action was subject to dismissal.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004), *abrogated by Jones v. Bock*, 127 S.Ct. 910  (2007) ("We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in Ross' complaint required the district court to dismiss his action in its entirety without prejudice.").

In *Jones v. Bock*, *supra*, the Supreme Court concluded that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or

demonstrate exhaustion in their complaints." *Id.* at 921.  The Supreme Court's holding in *Jones v. Bock* places the burden of demonstrating a plaintiff's failure to exhaust administrative remedies on defendants.  Additionally, the Supreme Court concluded that when a district court is presented with a complaint containing both exhausted and unexhausted claims, the district court should employ the "more typical claim-by-claim approach" and dismiss only those claims which are not exhausted.  *Id.* at 926.

In this case, Defendants raised Plaintiff's failure to exhaust his administrative remedies in their Motion to Dismiss and submitted limited evidentiary support in the form of a declaration signed by James D. Crook, Senior Litigation Counsel at the Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma.  The declaration states that Mr. Crook had reviewed the BOP files relating to Plaintiff and that:

> While Plaintiff has filed and received responses to administrative remedy requests related to matters unrelated to the claims contained in his complaint, he has filed no requests related to the claims raised in his complaint.

Declaration of James D. Crook, Motion to Dismiss Exhibit 1 at 2, ¶11.  Attached to Mr. Crook's Affidavit is a "true and correct copy of the SENTRY database concerning Plaintiff's administrative remedies[.]" *Id.*

Defendants' Motion to Dismiss was filed before *Jones v. Bock* was issued.  Moreover, the Defendants' Motion does not address Plaintiff's contention that he filed a "sensitive" request to the Regional Director, and it was not clear from Mr. Crook's initial declaration whether such a filing would have been included in the SENTRY database.  Given the limited record, this Court could not definitively state that Defendants had adequately supported their

4

affirmative defense with regard to the alleged "sensitive" Request to Staff which Plaintiff alleges he sent to the Regional Director and a putative copy of which is attached to the Complaint.

Because of the intervening change in Supreme Court law, the Court established additional scheduling deadlines and ordered Defendants to file a supplement to their Motion to Dismiss with appropriate exhibits addressing the "sensitive" Request to Staff which Plaintiff allegedly pursued.  Defendants filed their Supplemental Brief on July 30, 2007. Plaintiff was given an opportunity to respond by August 31, 2007.  Plaintiff moved for additional time in which to respond to Defendant's Supplemental Brief.  *See* Plaintiff's Motion for Enlargement of Time [Doc. #51].  This Court extended Plaintiff's deadline making his response due on September 6, 2007. Plaintiff did not, however, file a response.

## III.   Analysis

The PLRA, 42 U.S.C. § 1997e(a) mandates exhaustion of administrative remedies in actions, such as this one, in which an inmate challenges the conditions of his confinement. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Claims filed before the exhaustion requirement is satisfied must be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-741 (2001).  "Exhaustion is no longer left

to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382 (2006).[3]

Plaintiff acknowledges in both his Complaint and in his Response to Defendants' Motion to Dismiss that he did not complete the administrative process.  In his Complaint, Plaintiff states that he was unable to complete the administrative procedure because prison officials confiscated his legal materials, denied him administrative remedies forms, and transferred him to another prison.  Complaint at 3.  In his Response to Defendants' Motion to Dismiss, Plaintiff states that "shortly after being returned to the SHU, he began asking the staff for grievance forms to begin the process."  Response at 7.[4]  He states that the SHU staff refused to provide him the forms he needed to submit an administrative review request.  *Id.* He further states that he filed a "'sensitive' complaint under B.O.P. Policy Statement 1330.13.8." [sic].  In his Declaration Under Penalty of Perjury attached to his Response to Defendants' Motion to Dismiss, Plaintiff states that he used an Inmate Request Form and submitted it to the "U.S. Attorneys Office," with copies to "Warden Scibana and the B.O.P. Regional Director."  Declaration at 2 ¶6.

In their Supplemental Brief, Defendants have addressed Plaintiff's contentions regarding his efforts to exhaust his administrative remedies.  Defendants' uncontested

---

[3]*Ngo* involved a state prisoner's duty to exhaust administrative remedies before filing a civil rights action pursuant to 42 U.S.C. § 1983.  The Court specified, however, that "exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."  *Id.* at 2383 (internal citations omitted).

[4]According to FCI-El Reno's Administrative Remedy Program, inmates are to request forms specifically from their unit counselors.  *See* Supplemental Brief Exhibit A, Attachment 4 at 3.

statements of fact and convincing legal arguments, both well-supported by additional evidentiary documents attached to the Supplemental Brief, demonstrate that their affirmative defense is meritorious and that dismissal is required based on Plaintiff's failure to exhaust his administrative remedies as to either of the claims raised in his Complaint.[5]

Federal inmates may challenge the conditions of their confinement through an administrative process outlined in Program Statements 5511.07 (Request to Staff) and 1330.13 (Administrative Remedy Program) as amended. *See* Supplemental Brief Exhibit A, Attachments 1 and 2. *See also* 28 C.F.R. § 542.10 – 542.18. First, an inmate is directed to submit an informal Request to Staff. *See* 28 C.F.R. §542.13; *see also* Supplemental Brief, Exhibit A, Attachment 1 at 3. If an inmate's attempt to resolve an issue informally through the Request to Staff is unsuccessful, the inmate may formally submit a Request for Administrative Remedy to the warden on a form BP-9 within 20 calendar days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.14; *see also* Supplemental Brief Exhibit A, Attachment 2 at 11. If the request is denied by the warden at the local institutional level, the inmate may appeal the denial on form BP-10 to the appropriate regional office. If the appeal is denied by the regional office, the inmate may then submit a form BP-11 to the Central Office. *See* 28 C.F.R. § 542.15; *see also* Supplemental Brief Exhibit A, Attachment 2 at 13-14. Appeal to the Central Office is the last step in the administrative process.

---

[5]Defendants note in their Supplemental Brief that Plaintiff has filed a total of fourteen administrative remedy requests, none of which address the issues raised in his Complaint. *See* Supplemental Brief Exhibit A, Attachment 3 at 5-11.

There is an exception to the general rule that an inmate must initially submit a form BP-9 to the warden at the local institutional level for inmates attempting to resolve "sensitive" issues:

(d) Exceptions to Initial Filing at Institution –

(1) <u>Sensitive Issues</u>.  If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director.  The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the Request at the institution.  If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted.  Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden.  The Warden shall allow a reasonable extension of time for such a resubmission.

28 C.F.R. § 542.14(d)(1).

In this case, the putative "sensitive" request attached to Plaintiff's Complaint does not comply with § 542.14 and cannot be considered as a substitute for the submission of a form BP-9 at the local institutional level.  First, Plaintiff states that he sent copies of the "sensitive" request not only to the Regional Director, but also to the U.S. Attorney, and, more significantly, to Warden Scibana.  *See* Plaintiff's Response, Attachment 1 (Declaration Under Penalty of Perjury of Patrick Lomas) at 2.  As Defendants note, implicit in Plaintiff's acknowledgment that he sent a copy of the "sensitive" request to Warden Scibana is an admission that the issue does not qualify as "sensitive" at the local institutional level within the meaning of § 542.14.  Because Plaintiff did not treat the issue in question as "sensitive" within the meaning of the policy statement and regulations, Plaintiff cannot demonstrate that

he should be excused from filing a form BP-9 at the local institutional level.  Moreover, the "Sensitive" Inmate Request to Staff itself states that Plaintiff sent the form only to the "United States District Attorney" and contains only the address of the Executive Office for U.S. Attorneys, Criminal Division, in Washington D.C.  There is no entry in the SENTRY record of Plaintiff's administrative requests demonstrating that a copy of the "Sensitive" Request to Staff was ever actually sent to the Regional Director as required by § 542.14(d). *See* Supplemental Brief Exhibit A, Attachment 3.

In the Supplemental Declaration of James D. Crook attached as Exhibit A to the Supplemental Brief, Mr. Crook summarizes the administrative remedies filed by Plaintiff in 2005[6] as indicated in the SENTRY Administrative Printouts.  *See* Supplemental Brief Exhibit A, Attachment 3.  Plaintiff twice attempted to pursue administrative remedies in November 2005.  On November 21, 2005, Plaintiff filed a request directly with the Office of General Counsel claiming that he had been assaulted by staff members.  Supplemental Declaration at 2-3.  This request was rejected because it was not considered sensitive.  *See also* SENTRY Administrative Remedy Generalized Retrieval, Supplemental Brief Exhibit A, Attachment 3 at 7.  Plaintiff filed an appeal from an unrelated disciplinary hearing on November 25, 2005, and the appeal was ultimately granted by the Regional Director.  Supplemental Declaration at 4; SENTRY Administrative Remedy Generalized Retrieval, Supplemental Brief Exhibit A, Attachment 3 at 7.

---

[6]Two additional administrative remedy requests were filed in 2005, but both were filed before the alleged incidents on September 28, 2005.

As Defendants point out, the fact that Plaintiff was able to use the Administrative Remedy Program both before and after the alleged incidents on September 28, 2005, shows that contrary to his assertions, Plaintiff had access to the Administrative Remedy Program and was familiar with the process.  But Plaintiff did not follow the steps set forth in the Administrative Remedy Program and, therefore, did not exhaust his administrative remedies with regard to either of the two claims asserted in his Complaint.  In addition to failing to submit a form BP-9 to the Warden, Plaintiff did not submit the putative "sensitive" Request to Staff within the time frame set forth in the Administrative Remedy Program.  The "sensitive" Request to Staff attached to the Complaint is dated November 7, 2005.  Plaintiff's Complaint states that the event giving rise to this case occurred on September 28, 2005.  Therefore, Plaintiff's putative initial filing was not submitted within the 20-day time limit set forth in the Administrative Remedy Program.  *See* 28 C.F.R. § 542.14(a).  Finally, as Defendants note, Plaintiff certainly did not complete the last two steps of the Administrative Remedy Program with regard to any issue raised in his Complaint.[7]

Because Plaintiff did not exhaust his administrative remedies with regard to either of the claims raised in his Complaint, Plaintiff's action should be dismissed without prejudice.

## **RECOMMENDATION**

It is recommended that Defendants' Motion to Dismiss [Doc. #28] be granted based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit as required by

---

[7]Pursuant to 28 C.F.R. § 542.18, an inmate may consider the absence of a response within the time allotted for a reply (including extensions) as a denial at that level. *See* Supplemental Brief Exhibit A, Attachment 2 at 17.  Therefore, even if Plaintiff had properly and timely initiated the administrative remedy process, any lack of response  did not preclude him from pursuing an appeal.

the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). The dismissal should be without prejudice. It is further recommended that Plaintiff's First Motion for Leave to Amend Complaint [Doc. #35], Motion for Appointment of Counsel [Doc. #37], and Motion for Discovery [Doc. #38] be denied as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any objections should be filed with the Clerk of this Court by October _1st_, 2007. Plaintiff is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of the issues referred by the District Judge and terminates the referral.

IT IS SO ORDERED this _11th_ day of September, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE