IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

PATRICK LOMAS,                          )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )        No. CIV-06-869-C
                                        )
UNITED STATES OF AMERICA, et al.,       )
                                        )
            Defendants.                 )

# O R D E R

Plaintiff, a federal prisoner appearing pro se, filed this action pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for violations of his constitutional rights.  Plaintiff allegedly was attacked by fellow inmates and suffered disfiguring injuries while incarcerated.  He contends that Defendants failed to protect him from other inmates and acted with deliberate indifference to his serious medical needs.  On Defendants' motion, and following supplemental briefing and submission of evidence, Magistrate Judge Couch has recommended that Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies.  (Dkt. No. 55, Report & Recommendation.)  Plaintiff objects.  (Dkt. No. 60, Pl.'s Objection.)

## PROCEDURAL HISTORY

On January 12, 2007, Defendants moved to dismiss the Complaint for a number of reasons, including that Plaintiff had not shown exhaustion of his administrative remedies. (Dkt. No. 28, Defs.' Mot.)  The Prisoner Litigation Reform Act ("PLRA") requires prisoners challenging prison conditions to exhaust administrative remedies before filing suit.  42

U.S.C.A. §1997e(a); <u>Woodford v. Ngo</u>, 548 U.S. 81, __, 126 S. Ct. 2378, 2383 (2006).  At the time his Complaint was filed, the law in this circuit, <u>see</u> <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003), required Plaintiff to plead exhaustion of administrative remedies with specificity to avoid dismissal.  Shortly after Defendants filed their motion, the Supreme Court overruled that precedent and held that "failure to exhaust is an affirmative defense under the PLRA" so that "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  <u>Jones v. Bock</u>, ___ U.S. ___, 127 S. Ct. 910, 921 (2007). The circuit has since clarified that "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant."  <u>Roberts v. Barreras</u>, 484 F.3d 1236, 1241 (10th Cir. 2007).

Plaintiff filed his response to Defendants' motion and accompanying Declaration on March 22.  (Dkt. No. 36, Pl.'s Resp.)  He explained, among other things, that the Special Housing Unit "staff repeatedly interfered with [his] access to the Administrative Remedy process by refusing to give [him] the proper forms to begin the process."  (<u>Id</u>. Attach. 1 ¶ 5.) Because he was denied "IR forms," Plaintiff claims that he used an Inmate Request to Staff form to detail what he characterized as a "sensitive" request.  (<u>Id</u>. ¶¶ 6-11.)

Because of the <u>Jones</u> decision, Judge Couch ordered Defendants to file a supplemental brief to address the issue of exhaustion under the new standard and to file appropriate exhibits addressing Plaintiff's contention that he filed a "sensitive" Request to Staff.  (Dkt. No. 44.)  Plaintiff was given 30 days after Defendants' supplement was filed to respond. After Defendants filed their supplemental brief and the time allotted to Plaintiff to file a

2

response expired without any filing, Judge Couch issued another order. She specifically

identified Federal Rule of Civil Procedure 56, which pertains to summary judgment, and

instructed:

> When a dispositive motion is supported by affidavits and/or other documents, the party opposing the motion may not rely upon the mere allegations in his pleadings to counter it. The party opposing the motion must respond with counter-affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial. If the party opposing the motion does not so respond, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and judgment entered in their favor.

(Dkt. No. 49.) Plaintiff was given an additional 30 days to file a response. (Id.)

When that second deadline passed without a response from Plaintiff, Judge Couch

entered her Report and Recommendation that Defendants' motion be granted and Plaintiff's

claims be dismissed without prejudice because Plaintiff failed to exhaust his administrative

remedies. Specifically, Judge Couch found that Plaintiff acknowledged in his Complaint and

in his March 22 response that he did not complete the administrative process:

> In his Complaint, Plaintiff states that he was unable to complete the administrative procedure because prison officials confiscated his legal materials, denied him administrative remedies forms, and transferred him to another prison. Complaint at 3. In his Response to Defendants' Motion to Dismiss, Plaintiff states that "shortly after being returned to the SHU, he began asking the staff for grievance forms to begin the process." Response at 7. He states that the SHU staff refused to provide him the forms he needed to submit an administrative review request. Id. He further states that he filed a "'sensitive' complaint under B.O.P. Policy Statement 1330.13.8." [sic]. In his Declaration under Penalty of Perjury attached to his Response to Defendants' Motion to Dismiss, Plaintiff states that he used an Inmate Request Form and

submitted it to the "U.S. Attorneys Office," with copies to "Warden Scibana
and the B.O.P. Regional Director.  Declaration at 2 ¶6.

(Report & Recommendation at 6 (footnote omitted).)[*]  Judge Couch concluded that

Plaintiff's "sensitive" request did not comply with the regulatory section that excuses a

prisoner from first filing his complaint at the local institutional level.  She found that his

handling of his complaint showed that it was not sensitive and, moreover, that it was not

timely and was not submitted to the Regional Director as required.  Judge Couch also found

that Plaintiff's use of the Administrative Remedy Program on two subsequent occasions

showed that he had access to the program and was familiar with the process.

Plaintiff moved for a third extension of time to file his supplemental response on the

same day the Report and Recommendation was entered.  (Dkt. Nos. 55 & 56.)  This Court

deemed that request moot but allowed Plaintiff to "present any arguments in opposition to

the granting of the motion to dismiss in an objection to the Report and Recommendation."

(Dkt. No. 57.)  Plaintiff was given additional time to file that objection, and later received

yet another extension of time to do so (Dkt. No. 59.)  In his Objection, filed on November

15, Plaintiff essentially complains that he pursued the administrative remedies available to

him to the best of his ability and knowledge.  (Dkt. No. 60, Pl.'s Objection.)

---

[*] The "Inmate Request" form to which Plaintiff refers is actually entitled "Inmate Request
to Staff."  Plaintiff's completed form is attached to his Complaint.  (Dkt. 1, Compl. Ex. 4.)

4

## DISCUSSION

At the outset, the Court finds that, given the intervening change of law, Judge Couch's orders requiring supplemental briefing and alerting Plaintiff that he must set forth specific facts showing that there is a genuine issue of material fact to be litigated at the trial converted the portion of Defendants' motion to dismiss for failure to exhaust into one for summary judgment. Cf. Thomas v. U.S. Bureau of Prisons, Dkt. No. 06-cv-00063-WYD-DBS, 2007 WL 1341343, at *8 (D. Colo. May 4, 2007) (notifying parties that the court would treat the defendant's motion to dismiss for failure to exhaust that attached materials outside the pleadings as one for summary judgment).

> When raising an affirmative defense in a motion for summary judgment, "[t]he defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." Id. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law." Id.

Sparks v. Foster, 241 F. App'x 467, 472 (10th Cir. 2007) (unpublished) (citations omitted).

Having reviewed the filings and evidence submitted in this case, the Court finds that summary judgment is appropriate. Plaintiff has not submitted any new evidence, despite repeated opportunities to do so. Although he objects that he pursued the administrative remedies available to the best of his ability, he admits that his attempts were unsuccessful. And he fails to substantiate his claims that his efforts at exhaustion were thwarted. His conclusory assertion that he was denied the proper forms is insufficient to raise a genuine issue of material fact. See Nichols v. Hurley, 921 F.2d 1101, 1113 (10th Cir. 1990)

5

(explaining that plaintiff affidavits that contain only conclusory allegations without specific supporting facts are inadequate for purposes of summary judgment).  He fails to state to whom or when the requests were made or to explain his access to certain forms and not others.  Finally, by his own account, an alternate route to exhaustion existed, which he began but failed to complete.  Under these circumstances, the Court finds that there is no genuine issue of material fact in dispute as to exhaustion and that Defendants are entitled to summary judgment on that defense as a matter of law.

## CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation (Dkt. No. 55.) Defendants' Motion to Dismiss (Dkt. No. 28), as converted to one for summary judgment on the issue of exhaustion, is GRANTED.  All other pending motions are denied as moot. Judgment will issue by separate order.

IT IS SO ORDERED this 25th day of March, 2008.


ROBIN J. CAUTHRON
United States District Judge